PUERTO-RICAN AMERICAN RUM CORP., Plaintiff, *v.* R. H. MACY & Co., INC., Defendant.

First Department, October 14, 1952.

*Benjamin Solovay* of counsel (*John C. Ferlaino*, attorney), for plaintiff.

*Thomas V. Kelly* of counsel (*William J. O'Donnell* with him on the brief; *Thomas Marshall Green,* attorney), for defendant.

DORE, J. In this submission of controversy on an agreed statement of facts under sections 546–548 of the Civil Practice Act, plaintiff contends it is entitled to an accounting of all defendant's profits in the sale of 2,550 cases of rum; defendant contends that the agreed facts establish no basis to entitle plaintiff to an accounting for profits or any relief and asks for judgment against plaintiff dismissing the complaint.

Plaintiff, a Puerto-Rican corporation in the business of manufacturing, distilling, bottling and selling rum, had several written contracts with Brown-Forman, distillers and importers of Louisville, Kentucky, to distill, manufacture and sell rum to Brown-Forman and the rum here in question is part of the rum thus originally sold. Brown-Forman was and is the owner of a registered trade label known as " Windward ". Plaintiff's contracts expressly provided that the rum manufactured and sold by plaintiff to Brown-Forman should be under Brown-Forman's registered trade mark " Windward " or " such other label as may be designated by Brown-Forman." The contract dated January 8, 1948, expressly provides that rum purchased by Brown-Forman from plaintiff will be bottled either under the Brown-Forman trade name " Windward " " or such other name as we [Brown-Forman] may select, and that the selling and distribution of any rum thus purchased will be solely on our own [Brown-Forman's] responsibility and on our own incentive." Under the contracts, quantities of rum were purchased by Brown-Forman with its " Windward " label affixed by plaintiff to the bottles.

In March, 1948, Kobrand Corporation, a New York wholesale liquor dealer, not a party to the submission, purchased from another wholesale dealer, Metropolitan Liquor Company, a quantity of the rum in question on condition that the rum could be relabeled with the private brands of Kobrand's customers. Kobrand submitted a sample of the rum to defendant, one of its customers, to determine if it met defendant's standards for use in its retail trade with defendant's private brand label " 734." Defendant tested the rum and advised Kobrand that it had an interest in purchasing the same if it could be relabeled. The total quantity purchased from Kobrand was approximately 2,550 cases.

Kobrand obtained the consent in writing of Brown-Forman, the owner of the labels in question, approving relabeling of a quantity of " Windward " rum with defendant's private brand label " 734." Having obtained such required consent, Kobrand also obtained approval to the relabeling from the Alcohol Tax

Unit, Treasury Department, Bureau of Internal Revenue, New York, N. Y., in order to fill defendant's orders.

Nothing in the contract between plaintiff and Brown-Forman required Brown-Forman to obtain plaintiff's consent and approval with regard to the distribution, promotion or sale of the rum in question or the form of the labels used thereon. The contract gave Brown-Forman the broadest power with regard to promotion, sale and distribution of the rum and power to use any label it might select or approve. It expressly approved defendant's label " 734."

The New York State Liquor Authority rules in effect at the time of the sale to defendant by Kobrand, require the identification of the producer and the distributor; and to comply with such rules Kobrand was compelled to have a statement on the bottle disclosing that Kobrand was distributing the imported rum. Plaintiff's name was blown into the glass bottles and appeared in type in Macy's label stating that the rum was prepared and bottled by plaintiff corporation.

We think the agreed statement of facts fails to establish any cause of action for an accounting for profits by defendant. The Macy label was substituted with the consent of the party whose consent was required and the substitution was approved by the Alcohol Tax Unit of the Treasury Department. Everything required to authorize the relabeling of the " Windward " rum was in fact done.

The " 734 " label states that the rum was bottled for defendant. It is true it was not bottled by plaintiff for defendant, and plaintiff accordingly contends that this statement on defendant's label suggests a false inference that it was bottled by plaintiff for Macy. But there is nothing in the agreed statement of facts which supports an intent on defendant's part to defraud plaintiff. Kobrand, the party that arranged for the Brown-Forman and Alcohol Tax Unit approvals, was not acting as agent of Macy but as an independent contractor engaged in the wholesale purchase and sale of liquors. Defendant Macy was a purchaser in good faith on the understanding it could affix its own labels.

Plaintiff also claims that defendant and its predecessors violated certain Federal and State laws. However, that issue cannot be considered because the Alcohol Tax Unit consented to the relabeling and that consent is before us unrevoked. In addition the consent was obtained by Kobrand and not Macy.

In the state of facts presented, considering the broad power given to Brown-Forman covering the promotion, sale and dis-

tribution of the rum and its right to any label it might select, and having in mind the absence of any showing of an intent to defraud plaintiff on defendant's part and the absence of any damage suffered by plaintiff from defendant's purchase and sale of the rum, the judgment should be for defendant.

PECK, P. J., COHN and BREITEL, JJ., concur.

Judgment unanimously directed in favor of the defendant, with costs. Settle order on notice. [See 281 App. Div. 746.]